**James Darwin STEPHENS, Lieutenant Colonel Infantry, United States Army Reserve, Army Serial Number 0–359676, Plaintiff-Appellant,**

v.

**Stanley RESOR, Secretary of Army, Department of Defense, United States of America, Defendant-Appellee.**

No. 20507.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 1971.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

C. Kilmer Combs, Pikeville, Ky., argued and on brief, for plaintiff-appellant.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

In this case plaintiff-appellant sought to relitigate in the United States District Court for the Eastern District of Kentucky the same issues pertaining to his claim to a disability retirement pension from the United States Army that had previously been submitted to and denied by the United States Court of Claims, Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365 (1966). The District Judge dismissed the complaint on the government's motion, holding it barred by the doctrine of res judicata. We affirm for the reasons set forth in the District Judge's memorandum opinion, dated March 31, 1970.

In doing so, however, we wish to be explicit in pointing out that this decision in no way bears on or adjudicates appellant's claim to pension rights as of age 60.

It would appear from the face of these proceedings that appellant was credited by the Army at the time of his discharge with 19 years and 9 months and 11 days of the 20 years of active Army service normally required for a pension at age 60. The issues raised by the complaint below do not require us to review the Army's accounting of appellant's active service time. However, on the record before us he appears to have had a somewhat distinguished record in combat in World War II and he certainly has had a variety of physical difficulties while engaged in Army service. Absent additional facts which are not shown in this record, it would seem exceedingly strange for this combat veteran of infantry army service to be discharged by his government within three months of having accumulated 20 years of active service necessary for pension rights to vest when he becomes 60 years of age.

The government brief in this appeal states:

"[N]owhere in said pleadings is there either an express or implied request that the court below make a determination of appellant's eligibility to receive retirement benefits at age 60, regardless of disability."

Affirmance of the judgment of the District Court dismissing the complaint in this case does not pass upon or prejudice in any way appellant's right to file an action to establish his pension rights as of age 60. Nor does it in any way affect his right to pursue any adminis-

trative remedy which he may have under applicable statutes or Army regulations in the meantime.

The judgment of the District Court is affirmed.